No. 32,060

HARVEY J. JONES, *Appellee,* v. THE BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN, *Appellant.*

(41 P. 2d 774)

Opinion filed March 9, 1935.

*William Barrett, George Barrett,* both of Pratt, *Cliff A. Matson, Irwin H. Stearns* and *E. P. Villepigue,* all of Wichita, for the appellant; *Thomas Stevenson,* of Cleveland, Ohio, of counsel.

*Joe T. Rogers,* of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a benefit certificate issued to plaintiff, a locomotive engineer of the Rock Island Railway Company, by the defendant, the Brotherhood of Locomotive Firemen and Enginemen. Plaintiff prevailed, and defendant appeals.

The constitution of the brotherhood, pursuant to which the certificate was issued, provided that the beneficiary should receive the full amount for total or permanent loss of vision of one or both eyes on making application and sufficient proof. The certificate provided right of action for total or permanent disability should be barred unless proof were made within six months from the time such disability occurred. The words "loss of vision" were interpreted by the brotherhood to mean "practical and permanent blindness."

On July 6, 1929, plaintiff was struck in the left eye by a particle of hot sand from the fire box of an oil-burning locomotive. Plaintiff testified that within three or four months after the accident he knew the vision of the left eye was gone, but he did not know vision was permanently gone until May 20, 1931. On February 14, 1931, plaintiff was notified by the railway company that as a result of the accident he had sustained total and permanent loss of vision of his left eye. On May 20, 1931, plaintiff was examined by Dr. A. J. Her-

bolsheimer, of Minneapolis, Minn., who reported that as the result of the injury on July 6, 1929, plaintiff had totally or permanently lost the useful vision of his eye.

Plaintiff made claim under the certificate, and submitted proofs, which were received by defendant on July 20, 1931. Defendant declined to pay, under circumstances to be stated later.

The petition alleged that in July, 1929, plaintiff suffered the accident which has been described, and that on February 14, 1931, he received the notice from the railway company which has been referred to. No specific date was fixed on which plaintiff became practically and permanently blind. The petition further pleaded generally that after plaintiff suffered permanent loss of vision he complied with the laws of the brotherhood respecting proof of such disability.

Defendant made no motion to require the petition to be made more definite with respect to when blindness occurred. Besides that, defendant raised no question in its answer concerning proofs not having been furnished within six months after blindness did occur, but filed a general denial, and a specific denial of blindness. To raise an issue respecting timely proof of disability it was necessary that defendant specifically deny the allegation of the petition of due performance of condition necessary to recovery. The result was, defendant went to trial on a petition which did not specify date of blindness, and on an answer which did not challenge timely proof of loss.

When plaintiff's attorney made his opening statement to the jury he told of the accident, and said the eye continued to bother plaintiff for some months or weeks, when he became blind. Defendant's attorney then moved for judgment on the opening statement, unless it were qualified by showing proof of loss within six months after blindness occurred. Plaintiff had tendered an issue respecting timely proof of loss; defendant had not denied timely proof of loss. Whether proof of loss were made in time was not an issue, and the motion was properly denied.

In his opening statement to the jury the attorney for defendant read the answer, said medical men would testify that plaintiff's vision was good, and said:

"That's what the evidence will show in behalf of the defendant in this case, and that's all there is to it. Mr. Jones is either blind or not blind, one or the other, and that's what we will offer; that he can see."

The attorney for defendant did not ask leave to amend the answer to dispute timely proof of loss, but proceeded with the trial, standing on the defense plaintiff was not blind.

The court instructed the jury that, as a matter of law, defendant had waived all defenses it might have had, except the defense that the plaintiff had not lost the vision of his left eye.

Defendant contends the first information it had that plaintiff lost his vision at any time other than on May 20, 1931, was when plaintiff's attorney made his opening statement to the jury. The fact is, defendant did not concern itself with date of proof of loss, because it believed it had conclusive defense in that plaintiff was not blind.

Part of plaintiff's proof of loss, received by defendant on June 20, 1931, consisted of an affidavit of Doctor Herbolsheimer stating the result of his examination on May 20, 1931. The affidavit disclosed date of injury as July 6, 1929, and disclosed existence on May 20, 1931, of total or permanent loss of vision as the result of the injury. The precise date when loss of vision became total and permanent was not disclosed. Plaintiff's own affidavit in support of his claim, received by defendant on June 20, 1931, contained the following:

"Affiant further states that he is a member of Lodge No. 734 of the above-named organization, and that he is the member who has filed a claim for total disability on account of the loss of vision of his left eye.

"Affiant further states that said affliction became apparent to him on the 6th day of July, 1929; . . . .

"Affiant further states that he has totally or permanently lost the vision in his left eye; that he knows he lost the total or permanent vision on the 20th day of May, 1931; and that the loss of said vision was caused by hot sand from fire box of an oil-burning locomotive becoming lodged in left eye, causing loss of vision."

If defendant gave any attention to this proof it must have noted a strange coincidence—that the eye went out on the day plaintiff was examined to ascertain its condition. Besides that, there was discrepancy in the proof—that the affliction became apparent to plaintiff at once on July 6, 1929, but he knew it occurred in May, 1931. Defendant did not ask for further or clarified proof, but promptly caused an examination of plaintiff's eye to be made. That having been done, defendant wrote plaintiff on July 28, 1931, as follows:

"Report of examination in connection with your disability claim on account of the loss of vision of one eye has been returned to me by the physician who recently examined you.

"The evidence does not indicate that you have totally or permanently lost the vision in one eye, and for that reason it becomes necessary for me to disapprove your claim."

Having reason to know the proof was faulty, defendant ignored date of proof and disapproved the claim on the single ground plaintiff had not become practically and permanently blind; and the result is, defendant waived the question whether proof was made in time in two ways: First, by disapproving plaintiff's claim, regardless of when proof was made, and second, by not raising the question by answer.

There is nothing else in the case of sufficient importance to require discussion, and the judgment of the district court is affirmed.